UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LUCKETT,

                Petitioner,                Case No. 1:08-cv-1164

v.                                     Honorable Robert J. Jonker

MICHAEL CURLEY,

                Respondent.

_____

## OPINION

         This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner James Luckett presently is incarcerated with the Michigan Department of Corrections and housed at the Ojibway Correctional Facility.  He currently is serving a term of incarceration of five years and eleven months to fifteen years, imposed by the Wayne County Circuit Court on December 19, 2007 after Plaintiff pleaded guilty to one count of second-degree criminal sexual conduct involving an eleven-year-old victim, MICH. COMP. LAWS § 750.520c(1)(A).  In exchange for his guilty plea, the prosecutor dismissed charges of first-degree criminal sexual conduct and being a second felony offender.

Petitioner sought leave to appeal his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court, raising the sole issue presented in his habeas application:

> THE LOWER COURT'S SENTENCE IS INVALID BECAUSE THE JUDGE RELIED ON INACCURATE INFORMATION AND FAILED TO INDIVIDUALIZE MR. LUCKETT'S SENTENCE.

(Pet. at 2, 4.)  Both state appellate courts denied leave to appeal.  The Michigan Supreme Court denied leave to appeal on September 22, 2008.  Petitioner filed the instant habeas petition in the Eastern District of Michigan on December 1, 2008, and his case was transferred to this Court on December 4, 2008.

**Discussion**

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir.

2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

In his brief on appeal to the Michigan Court of Appeals, Petitioner argued that he agreed to plead guilty with the expectation that, because of mitigating circumstances, he should be sentenced at the lower end of the guideline range, or 36 months.  Among those circumstances, Petitioner claims that he had, at considerable personal sacrifice, taken care of the victim's mother and her children because the father of the children was paying no support.  In addition, Petitioner suffered from bipolar disorder, learning disabilities, anxiety attacks and depression that contributed to the single lapse leading to the charges.  Taken together, Petitioner believes that a lower sentence was more appropriate and would have improved his likelihood of rehabilitation.

Petitioner acknowledged in his brief on appeal that his plea was voluntary, accurate and made with understanding, and he did not seek to withdraw his plea, but he argued that the sentencing court had abused its discretion under state law in imposing the sentence.  He argued that the court did not engage in individualized sentencing and "did not have a full and complete informational background on Mr. Luckett in order to properly fashion its sentence."  (Application for Lv. to Appeal at 29, App'x B to Pet., docket #1 at 22.)  Petitioner also acknowledged in his brief on appeal that, in deciding to impose a sentence at the high end of the sentencing guidelines range, the sentencing court took into consideration the fact that Plaintiff's plea enabled him to avoid the

more serious charge of first-degree criminal sexual conduct and a sentencing enhancement as a habitual offender.  The court of appeals denied leave to appeal for lack of merit in the grounds presenting.

In his *pro per* application for leave to appeal to the Michigan Supreme Court, Petitioner raised the same claim, but couched his claim that the sentencing court lacked complete information in terms of the Michigan Constitution and the Due Process Clause of the Fourteenth Amendment.  The supreme court denied leave to appeal because it was not persuaded that the questions presented should be reviewed by the court.

Before a federal district court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).   To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  Because Petitioner did not raise a due process claim in his application for leave to appeal to the Michigan Court of Appeals, his federal claim is not properly exhausted in the state courts.   However, where, as here, the petitioner fails to raise a meritorious claim, a federal court may deny a habeas petition without first requiring exhaustion of available state-court remedies.  *See* U.S.C. § 2254(b)(2).

Claims concerning the improper scoring of sentencing guidelines or the propriety of a sentence within the guideline range are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).   There is no constitutional right to individualized sentencing. *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)).  *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted).   A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude."  *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972)*; Townsend v. Burke,* 334 U.S. 736, 741 (1948).  To prevail on such a claim, the petitioner

must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)).  A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485.  Further, Petitioner does not demonstrate that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447.  Instead, Petitioner argues only that certain mitigating facts were not sufficiently developed before the sentencing court and that the sentencing court should have reached a different conclusion.  Such claims clearly fall far short of the sort of egregious circumstances implicating due process.  The state-court's rejection of Petitioner's claim on appeal was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent.  28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v.  Cockrell*, 537 U.S. 322,

327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   January 14, 2009              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE

-8-